CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 28 2016

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AL-QAHIRA JIHAD AL-MATEEN BAKRA, <br>     Plaintiff, | Civil Action No. 7:15-cv-00698 |
| v. | MEMORANDUM OPINION |
| MOSBY G. PERROW, et al., <br>     Defendants. | By:  Hon. Jackson L. Kiser <br>        Senior United States District Judge |

Al-Qahira Jihad Al-Mateen Bakra[1], a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming three defendants: state court judge Mosby G. Perrow, III; the Commonwealth of Virginia; and state prosecutor Jannell Johnson. Plaintiff seeks $250,000 in damages for allegedly serving 15 extra months' incarceration stemming from criminal acts in 1994 and a resentencing in 1996.

Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). However, Plaintiff does not adequately describe any defendant's personal act or omission that resulted in a deprivation of civil rights protected by federal law, and consequently, the complaint fails to state a claim upon which relief may be granted. Furthermore, defendants would be immune from damages. See, e.g., Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Edelman v. Jordan, 415 U.S. 651, 663 (1974).

Accordingly, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 28th day of March, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[1] Bakra was formerly known as Mark Edward Robinson.